IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PEGGY HOPKINS                                                                              PLAINTIFF

V.                                      NO. 4:22-CV-00552-JTK

COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                                      DEFENDANT

## ORDER

### I. Introduction:

Plaintiff, Peggy Hopkins ("Hopkins"), applied for disability benefits on April 5, 2019, alleging a disability onset date of June 30, 2018. (Tr. at 24). The claim was denied initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Hopkins's application on January 20, 2021. (Tr. at 33). The Appeals Council denied her request for review. (Tr. at 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Hopkins has requested judicial review.

For the reasons stated below, the Court [1] affirms the decision of the Commissioner.

### II. The Commissioner's Decision:

The ALJ found that Hopkins had not engaged in substantial gainful activity

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

since the alleged onset date of June 30, 2018.[2] (Tr. at 26). The ALJ found, at Step Two, that Hopkins had the following severe impairments: diabetes, effects of malignant neoplasm of right breast, hypothyroidism, obstructive sleep apnea, hypertension, diverticulitis, and obesity. (Tr. at 27).

After finding that Hopkins's impairments did not meet or equal a listed impairment (Tr. at 27), the ALJ determined that Hopkins had the residual functional capacity ("RFC") to perform work at the medium exertional level, with additional limitations: (1) she can no more than frequently climb ladders, ropes, and scaffolds; and (2) she must avoid concentrated exposure (no more than a frequent level) to hazards including dangerous moving machinery and unprotected heights. (Tr. at 27-28).

At Step Four, the ALJ determined that Hopkins is unable to perform any of her past relevant work. (Tr. at 31-33). Relying upon testimony from a Vocational Expert ("VE"), the ALJ found, based on Hopkins's age, education, work experience and RFC, that she could perform work in the national economy. *Id.* Therefore, the

---

[2] The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

ALJ concluded that Hopkins was not disabled. *Id*.

### III. Discussion:

    A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co.*

*v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

    B. Hopkins's Arguments on Appeal

Hopkins contends that the evidence supporting the ALJ's decision is less than substantial. She argues that: (1) the ALJ failed to account for diverticulitis in the RFC, and (2) the hypothetical posed to the VE and the RFC should have included a restriction based on frequent use of the restroom.

At Step Two, the ALJ observed diverticulitis to be a severe impairment. (Tr. at 27). This is a generous assessment, because there is scant evidence of the disorder in the record, and little treatment. As well, no doctor put any restriction on Hopkins based on diverticulitis. Hopkins's counsel did not list diverticulitis as an impairment in her opening statement. (Tr. at 43-44). Moreover, the ALJ observed multiple instances of noncompliance by Hopkins. (Tr. at 25-29). A claimant's noncompliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. *See Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

There is no evidence suggesting that diverticulitis was a disabling condition, or that it resulted in critical functional loss. A diagnosis alone does not infer disability; there must be a functional loss establishing the inability to engage in

4

substantial gainful activity. *See Trenary v. Bowen*, 898 F.2d 1361, 1364 (8th Cir. 1990). The RFC need not include restrictions that are not supported by the medical record. *McGeorge v. Barnhart*, 321 F.3d 766, 769 (8th Cir. 2003). The ALJ did not err.

Hopkins asserts that her frequent use of the restroom was not fully considered by the ALJ. In fact, the ALJ did note her need to frequently use the restroom in his decision. (Tr. at 29). Hopkins did not routinely tell her doctors that she had a need for frequent restroom breaks. And the state agency medical experts, upon reviewing the relevant medical records, did not assess such a restriction. (Tr. at 71-72, 84-86). No doctor placed such a restriction on Hopkins. She has not required aggressive treatment related to restroom breaks.

Still, Hopkins contends that the hypothetical posed to the VE should have included reference to her restroom use. "A hypothetical question is properly formulated if it sets forth impairments 'supported by substantial evidence in the record and accepted as true by the ALJ.'" *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005). VE testimony constitutes substantial evidence when, as here, it is in response to a hypothetical that captures all the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011). Hopkins's arguments are unavailing.

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision to deny benefits. The ALJ did not err in his assessment of diverticulitis and he did not err at Step Five. The finding that Hopkins was not disabled within the meaning of the Social Security Act, therefore, must be, and hereby is AFFIRMED. Judgment will be entered for the Defendant.

IT IS SO ORDERED this 26th day of April, 2023.

_____
UNITED STATES MAGISTRATE JUDGE